IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSELL STEEDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 07-448-GMS-MPT |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

The plaintiff, Russell Steedley ("Steedley"), a prisoner housed at the Delaware Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. Steedley proceeds *pro se,* and was granted leave to proceed *in forma pauperis.* (D.I. 9.) Concurrent with the filing of his complaint, Steedley filed a motion for temporary restraining order/preliminary inunction. (D.I.4.) Steedley seeks total hip replacement surgery. The defendant, Correctional Medical Services, Inc. ("CMS"), responded to the motion and advised that Steedley "is currently on the list for hip replacement surgery." (D.I. 27.)

When considering a motion for a temporary restraining order or preliminary injunction, the court determines: (1) the likelihood of success on the merits; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)(quoting

*Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). It is the plaintiff's burden, in seeking injunctive relief, to show a likelihood of success on the merits. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 90 (3d Cir. 1992).

Steedley was informed on September 26, 2007, that his request for hip replacement surgery was officially approved and that the procedure would take place in "no later than a couple of months." (D.I. 18.) CMS's response, filed December 11, 2007, states that Steedley is currently on the list for hip replacement surgery and it is waiting for the orthopedic surgeon to schedule the procedure. (D.I. 27.) Given the posture of the case and the pending surgery, the court finds that Steedley in not in danger of suffering irreparable harm. Indeed, it appears his motion for injunctive relief is moot. Accordingly, the court will deny Steedley's motion for injunctive relief.

NOW THEREFORE, IT IS HEREBY ORDERED that motion for temporary restraining order/preliminary inunction is **denied**. (D.I.4.)

/s/ _____
CHIEF, UNITED STATES DISTRICT JUDGE

Feb 25, 2008
Wilmington, Delaware

FILED
2 5 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

-2-