IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUSSELL STEEDLEY, | : | |
| | : | C.A. No. 07-448 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CORRECTIONAL MEDICAL | : | |
| SERVICES, INC., GAIL ELLER, | : | |
| UNKNOWN EMPLOYEES and | : | |
| CORRECTIONAL MEDICAL SERVICES | : | |
| REGIONAL, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT JOHN RUNDLE'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant John Rundle ("Answering Defendant") by and through his undersigned counsel of record, hereby Answers Plaintiff's Amended Complaint and states as follows:

### I.   JURISDICTION

1.   The allegations of this paragraph constitute conclusions of law to which no response is required.

### II.   VENUE

2.   The allegations of this paragraph constitute conclusions of law to which no response is required.

### III   PARTIES

3.   Answering Defendant admits, upon information and belief, that Plaintiff has been incarcerated at D.C.C. from June 1990 to the present.

4.   Upon information and belief, denied as stated.

5.   Upon information and belief, denied as stated.

6. These allegations cannot be responded to in the absence of identification.

7. Upon information and belief, denied as stated.

8. The allegations of this paragraph constitute conclusions of law to which no response is required.

### IV. ANSWER TO FACTUAL ALLEGATIONS

9. The allegations of this paragraph are admitted to the extent consistent with Plaintiff's medical records, otherwise, denied.

10. The allegations of this paragraph are admitted to the extent consistent with Plaintiff's medical records, otherwise, denied.

11. The allegations of this paragraph are admitted to the extent consistent with Plaintiff's medical records, otherwise, denied.

12. The allegations of this paragraph are admitted to the extent consistent with Plaintiff's medical records, otherwise, denied.

13. The allegations of this paragraph are admitted to the extent consistent with Plaintiff's medical records, otherwise, denied.

14. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. The remaining allegations are denied.

15. The allegations of this paragraph are admitted to the extent consistent with Plaintiff's medical records, otherwise, denied. Denied that any requests have been ignored. Allegations of negligence, causation, deliberate indifference and/or violation of civil rights are denied.

16. The allegations of this paragraph are admitted to the extent consistent with Plaintiff's medical records, otherwise, denied. Allegations of negligence, causation, deliberate indifference and/or violation of civil rights are denied.

17.     The allegations of this paragraph are admitted to the extent consistent with Plaintiff's medical records, otherwise, denied. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of allegations regarding conversations with or statements by third parties for which Answering Defendant was not present and so such allegations are denied.

18.     The allegations of this paragraph are admitted to the extent consistent with Plaintiff's medical records, otherwise, denied. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of allegations regarding conversations with or statements by third parties for which Answering Defendant was not present and so such allegations are denied.

19.     The allegations of this paragraph are admitted to the extent consistent with Plaintiff's medical records, otherwise, denied. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of allegations regarding conversations with or statements by third parties for which Answering Defendant was not present and so such allegations are denied. Allegations of negligence, causation, deliberate indifference and/or violation of civil rights are denied.

20.     The allegations of this paragraph are admitted to the extent consistent with Plaintiff's medical records, otherwise, denied. Allegations of negligence, causation, deliberate indifference and/or violation of civil rights are denied. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of allegations regarding conversations with or statements by third parties for which Answering Defendant was not present and so such allegations are denied.

21.     The allegations of this paragraph are admitted to the extent consistent with Plaintiff's medical records, otherwise, denied. Allegations of negligence, causation, deliberate indifference and/or violation of civil rights are denied. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of allegations regarding conversations with or statements by third parties for which Answering Defendant was not present and so such allegations are denied.

22.     Admitted that Plaintiff lodged Grievance No. 106965. That document speaks for itself and no further response is required.

23.     Admitted that the initial medical grievance was denied. Admitted that Plaintiff appealed.

24.     The allegations of this paragraph are admitted to the extent consistent with Plaintiff's medical records, otherwise, denied. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of allegations regarding conversations with or statements by third parties for which Answering Defendant was not present and so such allegations are denied.

25.     The allegations of this paragraph are admitted to the extent consistent with Plaintiff's medical records, otherwise, denied. Denied that CMS administrators "stalled". Allegations of negligence, causation, deliberate indifference and/or violation of civil rights are denied. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of allegations regarding conversations with or statements by third parties for which Answering Defendant was not present and so such allegations are denied.

26.     Admitted that Plaintiff has included with his Amended Complaint numerous documents purporting to be correspondence. Such documents speak for themselves and no further response is required.

27. The allegations of this paragraph are admitted to the extent consistent with Plaintiff's medical records, otherwise, denied. Allegations of negligence, causation, deliberate indifference and/or violation of civil rights are denied. Documents submitted by Plaintiff clearly show it was upheld. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of allegations regarding conversations with or statements by third parties for which Answering Defendant was not present and so such allegations are denied.

28. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of allegations regarding conversations with or statements by third parties for which Answering Defendant was not present and so such allegations are denied.

29. Denied.

30. The allegations of this paragraph constitute conclusions of law to which no response is required.

31. Admitted that Plaintiff has included with his Amended Complaint a document purporting to be correspondence which speaks for itself.

## V. ANSWERS TO CAUSES OF ACTION

### Count I

Denied.

### Count II

Denied.

### Count III

Denied.

### Count IV

Denied.

WHEREFORE, Answering Defendant John Rundle respectfully requests entry of judgment in his favor and against Plaintiff along with costs, fees, and such other relief as this Court deems just.

## ADDITIONAL DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Answering Defendant was not deliberately indifferent to any serious medical need.

3. Plaintiff fails to state a claim against Answering Defendant for medical negligence.

4. To the extent Plaintiff states a claim for medical negligence, such claim is barred by Plaintiff's failure timely to file, or seek an extension to file, an affidavit of merit pursuant to 18 *Del. C.* § 6853.

5. Plaintiff's claims are barred by the statute of limitations.

6. Answering Defendant was not acting under color of State or Federal law.

7. Plaintiff fails adequately to plead a claim for punitive damages.

8. Answering Defendant provided Plaintiff with medical care that was appropriate for his conditions and which met the applicable standard of care.

9. Answering Defendant, at all times material to the allegations in the Complaint, acted in good faith and with the reasonable belief, both objective and subjective, that his actions were lawful and not in violation of the rights of Plaintiff under the Constitution and laws of the United States and/or the State of Delaware.

10. Answering Defendant is entitled to good faith immunity.

11. Plaintiff's claims may be barred or limited by the provisions in the United States Civil Rights Act, as discovery may show.

12. Plaintiff's claims may otherwise be barred by 28 U.S.C. §1915.

13.     Plaintiff's claims may be barred or limited by contributory/comparative negligence.

14.     Plaintiff failed to mitigate his damages.

15.     Plaintiff's claims are barred by failure of service, by failure of service of process, lack of subject matter and/or personal jurisdiction.

16.     Answering Defendant hereby adopts any and all additional defenses hereinafter asserted by his co-defendants.

17.     Answering Defendant reserves the right to assert additional defenses in the future to the extent warranted by discovery.

18.     Answering Defendant had no authority or control to approve or deny Plaintiff's requests for surgical intervention.

## ANSWER TO ALL PRESENT AND FUTURE CROSS-CLAIMS

19.     Answering Defendant denies all cross-claims asserted against him now or hereinafter.

WHEREFORE, Answering Defendant John Rundle respectfully requests entry of judgment in his favor and against Plaintiff together with costs and attorneys' fees and such other relief as this Honorable Court deems just and appropriate.

BALICK & BALICK, LLC

/s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant John Rundle

Date:  March 26, 2008

## CERTIFICATE OF SERVICE

I, James Drnec, hereby certify that on the 26th day of March, 2008, the foregoing Defendant John Rundle's Answer to Plaintiff's Amended Complaint was filed via CM/ECF and served First Class Mail upon the following:

>Russell Steedley
>SBI# 249572
>Delaware Correctional Center
>1181 Paddock Road
>Smyrna, DE 19977

   /s/ James E. Drnec
James E. Drnec, Esquire (#3789)