IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSELL STEEDLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-448-GMS |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, GAIL ELLER, JOHN RUNDLE, SCOTT ALTMAN, and CORRECTIONAL MEDICAL SERVICES REGIONAL, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 16th day of May, 2008, having considered the plaintiff's pending motion for appointment of counsel;

IT IS ORDERED that the motion (D.I. 40) is **denied** without prejudice for the following reasons:

1. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel

may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

    2. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

    3. In his motion for appointment of counsel, the plaintiff states that he is unable to afford counsel, expert testimony may be required, he is an incarcerated individual, he is currently hospitalized with no access to legal materials, and he does not have the ability to adequately conduct discovery.

    4. In reviewing the plaintiff's filings, it appears that the plaintiff possesses the ability to adequately pursue his claim. Moreover, this case is in its very early stages and discovery has not yet commenced. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time.

_____
CHIEF, UNITED STATES DISTRICT JUDGE



FILED
MAY 16 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE