IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUSSELL STEEDLEY, | : | |
| | : | C.A. No. 07-448 |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| CORRECTIONAL MEDICAL | : | |
| SERVICES, INC., GAIL ELLER, | : | |
| UNKNOWN EMPLOYEES and | : | |
| CORRECTIONAL MEDICAL SERVICES | : | |
| REGIONAL, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CORRECTIONAL MEDICAL SERVICES, INC.,
JOHN RUNDLE, AND SCOTT ALTMAN'S REPLY
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed.R.Civ.P 56, Defendants Correctional Medical Services, Inc., John Rundle, and Scott Altman (collectively, "Movants"), by and through their undersigned counsel of record, submit the following as their Reply in support of their Motion for Summary Judgment.

Plaintiff spends a significant portion of his Answering Brief suggesting to the Court which facts are "stipulated" or "disputed." (Answering Brief, D.I. 52 at 2-10) There is no stipulation between the parties, and Plaintiff may not use such argument in his brief to create a factual dispute sufficient to defeat this Motion. *See Jersey Cent. Power & Light Co. v. Twp. of Lacey,* 772 F.2d 1103, 1109-10 (3d Cir.1985).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). The non-moving party

"cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir.2000). An inference based upon a speculation or conjecture "does not create a material factual dispute sufficient to defeat entry of summary judgment." *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n. 12 (3d Cir.1990). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). In addition, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Id.*, at 247-48.

Movants suggest that the undisputed facts are contained in the Plaintiff's medical records and Movants rely solely on those facts to establish the care rendered to Plaintiff. Plaintiff does not dispute that he received the care that is set forth in those records, and even when taking those facts in the light most favorable to Plaintiff, there are no grounds on which this case can move forward as there is no genuine issue of material fact: Movants were not deliberately indifferent to Plaintiff's serious medical need.

The issue before the Court is whether the medical care set forth in Plaintiff's medical records establishes "deliberate indifference." Movants suggest that it does not; rather it shows a progressively degenerative disease, a course of conservative treatment which eventually failed, an attempt at physical therapy, and two consultations with an orthopedic specialist who did not recommend surgery until the second consultation.

2

Plaintiff continues to attempt to argue that Dr. DuShuttle recommended total hip replacement surgery at the first consultation in September 2006. He did not. At that September visit, Dr. DuShuttle opined that Plaintiff was a "candidate" for the surgery but he did not recommend it until Plaintiff's second office visit in October 2007. In September 2006 Dr. DuShuttle wrote:

> I have explained to the patient that his options are to live with his condition as is treating conservatively versus total hip replacements. I have explained to him that he is young for a total hip replacement. If he proceeded, it would not last a lifetime. He would need a repeat total hip replacement, which becomes more difficult. Surgery is based on pain and should be considered as a last resort. *There is no guarantee that surgery will help him.* The patient will return to the office (as needed).

(Opening Brief, Exhibit A at 22, emphasis supplied)

In October 2007 Dr. DuShuttle wrote:

> I explained to the patient, due to the fact that the pain is so severe, I would recommend a total hip replacement for the right hip, based up on pain, even though he is so young. I will make my recommendations to the Department of Corrections and I will await their scheduling.

(*Id.* at 48)

The reason for Dr. DuShuttle's change of opinion is contained in his respective recitations of the Plaintiff's conditions. In 2006: "The patient ambulates with the assistance of a cane. Minimal and painful range of motion of the bilateral hips although the patient denies groin pain." (*Id.* at 22) In 2007: "There is severe, marked, limited ROM of the right hip. There is a lot of pain with ROM of the right hip. There is a lot of groin pain. The patient ambulates with an antalgic gait. There is pain with ambulation." (*Id.* at 48) In September, 2006, Plaintiff was told that he was a candidate, but that he was young for a total hip replacement, that the surgery was a "last resort" and that he should

3

wait as long as possible. Dr. DuShuttle noted that Plaintiff should return to his office "as needed." (*Id.* at 22) When there was no other choice, Dr. DuShuttle finally did recommend total hip replacement surgery, which was done within three months. Even if the Court accepts, as Plaintiff alleges is true, that CMS personnel told him that he would be approved for surgery two weeks prior to the second visit with Dr. DuShuttle, that fact does not establish deliberate indifference. It does, however, suggest that CMS had made a decision to go above and beyond the treatment that had not yet been recommended by the specialist that had examined Plaintiff.

The case law cited by Plaintiff is distinguishable. This case in unlike *Sherrod v. Lingle*, 223 F.3d 605 (7th Cir. 2000) where the patient, suffering from appendicitis, was admitted to a prison infirmary for observation, and discharged four days later still suffering from abdominal and bowel pain without having been seen by a doctor (at 608), returned to the infirmary, seen by doctors who ordered x-rays and then never read them, ignored a specialist's order that Sherrod be returned to the hospital for tests, and then refused to even examine the patient. (*Id.* at 609) It is also unlike *White v. Napoleon*, 897 F.2d 103 (3rd Cir. 1990) where the treating physician "wantonly inflicted unnecessary pain on prisoners," "refused a prisoner hospitalization following a heart attack," had a prisoner "hold his hands behind his back and lit a book of matches to them, causing severe burns," dismissed a patient's claims of a hernia without even examining him, and "withheld medication needed to control a prisoner's blood pressure for no medical reason." (*Id.*, at 109) Here, a specialist gave an opinion that Plaintiff was a candidate for surgery, and CMS and its doctors followed up to ensure that the "last resort" option was

4

the right one. The Movants were not deliberately indifferent to any serious medical need and are entitled to entry of judgment in their favor as a matter of law.

WHEREFORE, for the foregoing reasons, defendants Correctional Medical Services, Inc., John Rundle and Scott Altman respectfully request the entry of judgment in their favor as a matter of law.

                        BALICK & BALICK, LLC

                        /s/ James E. Drnec
                      James E. Drnec, Esquire (#3789)
                      711 King Street
                      Wilmington, Delaware 19801
                      302.658.4265
                      Attorneys for Defendants
                      Correctional Medical Services, Inc.,
                      John Rundle and Scott Altman

Date:   August 5, 2008